IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM WINDSOR,                          :
                                          :
                Petitioner,               :
                                          :
        v.                                :    Civil Action No. 16-668-RGA
                                          :
DANA METZGER, Warden, and                 :
ATTORNEY GENERAL OF THE                   :
STATE OF DELAWARE,                        :
                                          :
                Respondents.[1]           :

## MEMORANDUM OPINION

William Windsor. *Pro se* Petitioner.

Kathryn Joy Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

November 21, 2017
Wilmington, Delaware

---

[1]Warden Dana Metzger replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

*signature* Richard G Andrews
ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner William Windsor ("Petitioner") is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 2) The State filed an Answer in opposition. (D.I. 13) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

Petitioner was indicted in February 2013 on 160 counts of various sexual offenses involving the two daughters of his girlfriend. (D.I. 16-4 at 3); *see State v. Windsor*, 2015 WL 1455602, at *1 (Del. Super. Ct. Mar. 25, 2015). On September 9, 2013, Petitioner pled guilty to one count of second degree rape and no contest to one count of continuous sexual abuse of a child. *See Windsor v. State*, 100 A.3d 1022 (Table), 2014 WL 4264915, at *1 (Del. Aug. 28, 2014). The Superior Court sentenced him on December 13, 2013 to twenty-five years at Level V imprisonment, suspended after twenty years for decreasing levels of supervision for the second degree rape conviction, and to twenty-five years of Level V supervision, suspended after two years for decreasing levels of supervision, for the continuous abuse of a child conviction. *Id.* at *2. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences on August 28, 2014. *Id.* at *6.

On February 23, 2015, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion (D.I. 16-11 at 9; D.I. 16-12 at 4), and the Delaware Supreme Court affirmed that decision on September 25, 2015. *See Windsor,* 2015 WL 1455602, at *6; *Windsor v. State*, 124 A.3d 1016 (Table), 2015 WL 5679751, at *4 (Del. Sept. 25, 2015).

Petitioner filed the instant Petition in July 2016, asserting the following grounds for relief: (1) the police violated his Fourth Amendment rights by taking him into custody without an arrest warrant; (2) the indictments were multiplicitous and violated the Double Jeopardy clause; (3) the Equal Protection and Double Jeopardy Clauses were violated because Petitioner thought he was pleading guilty to an "A" case charge, but a "B" case charge had mistakenly been transferred to the "A" case; (4) he is actually innocent; (5) defense counsel provided ineffective assistance; and (6) the Superior Court violated Petitioner's Sixth and Fourteenth Amendment rights by denying his *pro se* motion to withdraw his plea.

## II.  ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on August 28, 2014, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on November 27, 2014. Applying the one-year limitations period to that date, Petitioner had until November 30, 2015[2] to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file

---

[2]The one-year limitations period actually ended on November 27, 2015, which was the Friday after Thanksgiving, a Delaware District Court holiday. Therefore, the limitations period extended through the end of Monday, November 30, 2015. *See* Fed. R. Civ. P. 6(a)(1)(C) & (3)(A).

3

the instant Petition until July 28, 2016,[3] approximately seven months after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

In his Reply to the State's Answer, Petitioner appears to assert that his two post-conviction motions (a motion for correction of sentence and a Rule 61 motion) triggered sufficient statutory tolling to render his Petition timely filed. (D.I. 20 at 4) He is mistaken. The motion for correction of sentence has no statutory tolling effect because it was filed (November

---

[3]Pursuant to the prisoner mailbox rule, the Court adopts as the filing date July 28, 2016, (D.I. 2 at 16), which is the date on the Petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

4

10, 2014) and denied (November 24, 2014) (D.I. 16-12 at 4) before Petitioner's judgment of conviction became final on November 27, 2014.

In turn, when Petitioner filed the Rule 61 motion on February 23, 2015, 87 days of AEDPA's limitations period had already lapsed. The Rule 61 motion tolled the limitations period through September 25, 2015, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the motion. The limitations clock started to run again on September 26, 2015 and ran the remaining 278 days without interruption until the limitations period expired on June 20, 2016.[4] Thus, even with the statutory tolling resulting from his Rule 61 motion, Petitioner filed the instant Petition one full month too late. Accordingly, the Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal

---

[4]The limitations period actually ended on June 19, 2016, which was a Sunday. Therefore, Petitioner had until the end of the day on Monday, June 20, 2016 to timely file his Petition. *See* Fed. R. Civ. P. 6(a)(1) (C).

5

connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court does not discern, that any extraordinary circumstances prevented him from filing his Petition in a timely manner. To the extent Petitioner's late filing was due to a mistake or miscalculation of the one-year filing period, such a mistake does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Accordingly, the Court will grant the State's motion to dismiss the instant Petition as time-barred.

## III.  PENDING MOTIONS

Petitioner filed a Motion to Appoint Counsel (D.I. 21) and a Motion for Discovery (D.I. 22) during the pendency of this proceeding. However, since the Petition is time-barred, the Court will dismiss the Motions as moot.

## IV.  CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

6

The Court concludes that the instant Petition is time-barred, and reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, the Court will dismiss the Petition as time-barred without holding an evidentiary hearing. An appropriate Order will be entered.